UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| BRIAN TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:23-cv-00314-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNICO, LLC, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on Mitsui Sumitomo Marine Management's Motion to Intervene. [R. 23.] None of the existing parties have objected to the Motion and the time for doing so has elapsed. *See* LR 7.1(c). For the reasons set forth below, Mitsui's motion [R. 23] is **GRANTED**.

**I**

Plaintiff Terrell is an employee of Toyota. [R. 1 at 2.] While he was working, a Slitter machine "unexpectedly activated," causing Mr. Terrell to be seriously injured. *Id.* at 3–5. He now brings claims against the manufacturers, designers, sellers, or installers of the Slitter machine and its components. *Id.* at 1–2.

According to the Intervening Complaint, Mitsui is liable to pay workers' compensation benefits for Mr. Terrell's injuries. [R. 23.] It has paid Terrell both indemnity and medical benefits. *Id.* at 2. Mitsui alleges a statutory right to recover for the benefits issued. *Id.* (citing Ky. Rev. Stat. Ann. § 342.700(1)).

II

A

Under Federal Rule of Civil Procedure 24, a non-party may assert itself in ongoing litigation in one of two ways: intervention of right, or permissive intervention. Fed. R. Civ. P. 24. Rule 24(a) governs intervention of right, and *requires* a court to permit a timely movant to intervene when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). But before allowing intervention of right, a court must ensure that the following criteria are present: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *United States v. Tennessee*, 260 F.3d 587, 591–92 (6th Cir. 2001).

Conversely, permissive intervention under Rule 24(b) is discretionary. A Court *may* allow a timely movant to intervene permissively when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

B

The Court will permit Mitsui to intervene under Rule 24(a). First, the Motion was timely. It was filed before the parties submitted a 26(f) Report. Second, Mitsui asserts a substantial legal interest in this case that could be impaired absent intervention. If Mr. Terrell is successful, Mitsui will be entitled to subrogation. Ky. Rev. Stat. Ann. § 342.700. Third, Mistui will lose its right to subrogation if it does not intervene. *See* Ky. Rev. Stat. Ann. § 411.188(2); *see also Jones*

2

*v. Midwest Poultry Servs, LP*, No. 3:17-cv-00225-CRS, 2017 WL 3082675, at *2 n.1 (W.D. Ky. July 19, 2017) (explaining that although "[t]he Supreme Court of Kentucky held Kentucky Revised Statutes § 411.188(3) to be unconstitutional in *O'Bryan v. Hedgespeth*, 892 S.W.2d 571 (Ky. 1995)[,] [t]he Court of Appeals of Kentucky subsequently held that the rest of the statute remains in effect") (citing *Gov't Emps. Ins. Co. v. Winsett*, 153 S.W.3d 862, 865 (Ky. Ct. App. 2004)). Finally, Mitsui's interests are distinct from Mr. Terrell's because Mitsui seeks repayment for expenses it has already paid out. *See Jones*, 2017 WL 3082675, at *2. And Mitsui's recovery would be reduced pro rata by Terrell's attorney fees. Ky. Rev. Stat. Ann. § 342.700(1).

Courts frequently grant motions to intervene in similar circumstances. *See, e.g.*, *Jones*, 2017 WL 3082675, at *2; *Marquez-Warner v. Campus Crest at Louisville, LLC*, No. 3:15-cv-172-DJH-CHL, 2018 WL 11446385, at *2 (W.D. Ky. Apr. 6, 2018).

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mitsui's Motion to Intervene **[R. 23]** is **GRANTED**; and

2. The Clerk of the Court is directed to file the Intervening Complaint **[R. 23-1]** in the record as of the date of entry of this Order.

This the 2d day of May, 2024.



Gregory F. Van Tatenhove
United States District Judge