**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **BRIAN TERRELL,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 5:23-CV-00314-GFVT-MAS** |
| | ) | |
| **UNICO, LLC, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiff Brian Terrell and Defendant Unico, LLC's ("the Parties") Joint Motion to Compel Discovery from Non-Party Toyota Tsusho America ("TAI"). [DE 62]. As directed by Judge Van Tatenhove's Scheduling Order [DE 38], the Parties contacted the undersigned's chambers to request a telephone conference regarding the discovery dispute. Because the dispute involves a non-party, the undersigned gave the Parties leave to file the instant Motion to Compel. TAI responded on March 16, 2026. [DE 68]. The Parties did not file a reply. The motion is now ripe for review.

In support of their Motion, the Parties state that a subpoena was issued to TAI on May 23, 2024. [DE 62-1]. TAI hired outside counsel and began coordinating document production and the scheduling of depositions. The Parties state that documents were produced slowly and did not appear to be complete. In October 2025,

Terrell sent TAI a letter requesting further review for compliance with the subpoena. [DE 62-2]. The Parties report that, for months, he received no response. Moreover, they indicate that they are still awaiting additional document production from TAI.

The Parties further detail numerous attempts to schedule depositions of TAI's corporate representative and individual employees on dates approved by TAI, including October 14, 2025, the week of November 17, 2025, and December 3, 2025. Each deposition date was subsequently cancelled by TAI. The depositions were then scheduled for January 2026 and likewise cancelled by TAI. Following a December 2025 conference among counsel, the Parties and TAI agreed to conduct the depositions on certain dates in February; however, TAI again cancelled and requested that the depositions be rescheduled to the final week of March. In total, the Parties allege that TAI has unreasonably cancelled six scheduled deposition dates over the past six months. According to the Parties, these repeated cancellations have caused significant delay, resulting in the Parties formally moving for amendment to the scheduling order on three separate occasions. Accordingly, the Parties request the Court enter a Scheduling Order compelling TAI to produce all documents and furnish all deponents before a certain date.

In response, TAI argues that the Parties' Motion to Compel is now moot. [DE 68]. Specifically, TAI states that all responsive documents in TAI's possession were recently produced and TAI's counsel is currently pursuing a search for any records identified by witnesses throughout the course of litigation. Furthermore, TAI states that the depositions of two TAI employees have been completed, and the deposition

Page **2** of **3**

of its corporate representative was scheduled for March 25, 2026, which the Court expects has been completed. TAI further represents that it has offered dates for additional depositions and states that Mr. Ingman, a former TAI employee whom the Parties seek to depose, is no longer employed by TAI. According to TAI, his contact information has been provided to the Parties. Therefore, TAI asserts that any prior deficiencies have been or are in the process of being addressed, rendering the Motion to Compel moot.

Because the Parties have not filed a Reply stating otherwise, the Court accepts TAI's proffer as true and assumes that TAI has complied, or will comply, with the May 2024 subpoena duces tecum and will provide deposition dates for the remaining TAI employee witnesses. As such, it appears that TAI has largely remedied the issues that gave rise to the instant Motion to Compel, and that all parties, including TAI, should be able to proceed efficiently and in accordance with the Court's Fourth Amended Scheduling Order. [DE 67]. Should the foregoing issues persist, the Parties may file a renewed motion to compel for the Court's consideration.

Accordingly, being fully advised, **IT IS ORDERED** that the Parties' Joint Motion to Compel [DE 62] is **DENIED as moot**.

Signed this the 1st of April, 2026.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY